43 F.3d 1484
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jackie WOOD, Defendant-Appellant.
 No. 94-8026.
 United States Court of Appeals, Tenth Circuit.
 Dec. 2, 1994.
 
 Before KELLY, McKAY and REAVLEY*, Circuit Judges.
 ORDER AND JUDGMENT**
 REAVLEY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 We remanded this case for resentencing, United States v. Roberts, 14 F.3d 502 (10th Cir.1993), and the district court held an evidentiary hearing on resentencing. Appellant Jackie Wood again appeals her sentence, raising several arguments. We affirm.
 
 A. Drug Quantity
 
 3
 Wood takes issue with the quantity of methamphetamine the district court found chargeable to her. A sentencing court is directed to aggregate the quantities of drugs that were a part of the same course of conduct or common scheme or plan as the offense of conviction. United States v. Ross, 920 F.2d 1530, 1538 (10th Cir.1990). As we explained in the prior appeal, as long as we can reconstruct the drug quantity calculation using the district court's approximations, we will not disturb the finding as to drug quantity unless it has no support in the record or, after reviewing all the evidence, we are firmly convinced that an error has been made. Roberts, 14 F.3d at 520-21. Further, the drug amount can include amounts a defendant negotiated to traffic, whether or not the distribution was completed, unless the court finds that the defendant did not intend to produce and was not reasonably capable of producing the negotiated amount. Id. at 519 n. 31.
 
 
 4
 The district court found that Wood's offenses involved 24.6 ounces or 697.4 grams of methamphetamine. Turning to the drug quantity table in the Sentencing Guidelines, the court found that this amount corresponded to a base offense level of 28. The court also found, and Wood does not dispute, that her offense level should be increased by two points for possession of a firearm, and that her appropriate criminal history category was III. The Sentencing Table in the Guidelines call for a sentencing range of 121 to 151 months where the offense level is 30 and the criminal history category is III. The court imposed the minimum sentence of 121 months based on the Table.
 
 
 5
 Based on our review of the record, we note the following evidence:
 
 
 6
 (1) Wood confessed that $12,000 in cash was stolen from the house in Casper, Wyoming where she and Lee Roberts resided. The district court found, and the evidence supports the conclusion, that this cash was the proceeds from drug sales and that the cash represented 6.67 ounces of methamphetamine, since the going rate for the drug was $1800 an ounce.
 
 
 7
 (2) In a tape-recorded phone conversation between Wood and co-defendant Lee Roberts, she told Roberts that she had arranged to trade one of Roberts' motorcycles for four ounces of Methamphetamine.
 
 
 8
 (3) Wood confessed that she and Lee Roberts purchased six ounces of methamphetamine in early January 1991 from "Jeff," a seller Wood had put in touch with Roberts.
 
 
 9
 (4) Wood confessed that she mailed approximately three ounces of methamphetamine to Carolyn Roberts that she and Lee Roberts had obtained from John Wales in January of 1991.
 
 
 10
 These amounts alone, for which we find ample support in the record, total 19.67 ounces, or over 557 grams. Under Sec. 2D1.1(c) of the Sentencing Guidelines, a base offense level of 28, which the district court applied, corresponds to a drug quantity of 400 to 700 grams of methamphetamine.
 
 
 11
 Wood complains that the district court should not have included in its drug quantity calculation six grams that Wood confessed was stolen from the Casper residence, since Lee Roberts said that only one-half ounce was stolen. She also objects to two ounces she attempted to hide and which Roberts later discarded after she and Roberts had an automobile accident in Arizona. This amount was recovered by law enforcement, but Wood claims it was a personal "party supply" used by the defendants. She also complains that the court should not have included a sale of the drug to undercover agents in Las Vegas, since that sale was part of her own agenda and not part of the conspiracy for which she was convicted. The district court's errors, if any, in including these amounts were harmless, since the offense level found remains unchanged if these amounts are excluded. United States v. Deninno, 29 F.3d 572, 579 (10th Cir.1994).
 
 
 12
 B. Failure to Run Sentence Concurrently with State Sentence
 
 
 13
 Wood claims that the district court erred in failing to run her sentence concurrently with a Nevada state court sentence she received. Wood was convicted in Nevada state court for the Las Vegas sale to undercover officers described above. The Government argues that this claim was waived since it was not raised in the first appeal. Wood argues otherwise. Assuming the issue is properly before us, we find no reversible error. Whether to impose a sentence concurrently or consecutively in these circumstances is left to the district court's sound discretion. United States v. Kadaly, 941 F.2d 1090, 1097 (10th Cir.1991).
 
 
 14
 For two reasons we see no abuse of discretion. First, at resentencing the district court did not consider the Nevada conviction when assigning a criminal history category. And as explained above, the offense level the district court determined does not change if the Nevada drug sale is excluded from the drug quantity calculation. Wood's sentence, therefore, would not change either.
 
 
 15
 Second, as clarified in the presentence report prepared for Wood, she received an eight-year sentence for the drug conviction, but that sentence was suspended and she received five years probation. She was later convicted of passing forged money, and received a four-year sentence. This second conviction resulted in a revocation of parole on the drug conviction, and the two sentences were made concurrent. She was sentenced on the forged documents conviction on June 25, 1991. However, she has been held in federal custody on the federal charges since February of 1993. Hence, the time she spent in state custody can fairly be attributed to her conviction on a charge wholly unrelated to the federal charges; had she not committed the forged money crime, she would have served no state sentence for the drug conviction. She will not serve time on state and federal sentences for the same criminal acts.
 
 C. Drug Isomer
 
 16
 Wood also complains that the government did not prove the type of methamphetamine isomer involved in the crimes. Wood did not raise this argument in response to the presentence report or at the sentencing hearing. The issue is therefore waived. United States v. Deninno, 29 F.3d 572, 580 (10th Cir.1994).
 
 
 17
 AFFIRMED.
 
 
 
 *
 The Honorable Thomas M. Reavley,
 United States Court of Appeals, Fifth Circuit, sitting by designation.
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470